FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 13 2009 ★

BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JESSICA SULLIVAN | § | |
|    Plaintiff | § | Case No.: 09-4393 |
| v. | § | |
| Richard Sokoloff | § | COMPLAINT AND JURY DEMAND |
|    Defendant | § | |

BLOCK, J.
MANN. M.J.

Plaintiff Jessica Sullivan brings suit against Defendant Richard Sokoloff for his violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.

### A. JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York, and the harm suffered by Plaintiff occurred in Brooklyn, New York.

3. Plaintiff is an individual who resides in King County, Washington.

4. Defendant Richard Sokoloff is an individual whose principal place of business is in Suffolk County, New York. Defendant Richard Sokoloff may be served at his principal place of business, 3245 Route 112, Suite 1, Medford, NY 11763.

### B. STATEMENT OF FACTS

5. One or about January 8, 2008, Defendant Richard Sokoloff, a debt collection attorney,

filed suit in <u>Joshua Hyman, MD v. Jessica Sullivan</u>, Index No. 27835 KCV 2008, Kings County Civil Court ("the underlying lawsuit"). Defendant Sokoloff sought to collect an alleged medical bill.

6. On or about November 18, 2008 Sokoloff filed a motion for summary judgment in the underlying lawsuit stating the medical bill was $14,497.38. Sokoloff rolled $3,621.38 into the medical bill, but Sokoloff was not in fact entitled to attorney's fees.

7. Sullivan retained an attorney to defend against Sokoloff's collection lawsuit, including Sokoloff's attempt to collect a $3,621.38 fee not permitted by law or contract. Sullivan successfully defeated Sokoloff's motion for summary judgment and the court dismissed the collections lawsuit. Sullivan incurred actual damages in the value of the attorney's fees incurred on her behalf defending her in the collections lawsuit that sought an illegal fee.

8. Sullivan now brings suit for Sokoloff's violations of the Fair Debt Collection Practices Act in the underlying action.

## COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

9. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

10. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. <u>See</u> S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2

12. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

13. The obligation alleged by Defendant in the underlying action is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Defendant's litigation in the underlying action constituted an attempt to collect a debt within the meaning of the Fair Debt Collection Practices Act.

15. Defendant violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Defendant violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; misrepresenting the services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; and engaging in conduct the natural consequence of which is to harass, oppress any person.

16. Plaintiff seeks actual damages, statutory damages, exemplary damages and attorney's fees and costs.

## C. JURY DEMAND

17. Plaintiff demands a trial by jury.

## D. PRAYER

18. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    i. The above referenced relief requested;

    ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k

3

(F.D.C.P.A.);

iii. Actual and exemplary damages within the jurisdictional limits of the court;

iv. Attorney fees and costs;

v. Prejudgment and post-judgment interest as allowed by law;

vi. General relief;

vii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
New York State Bar Number: 4524260

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

4